UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-25474-RAR

SHERMAN NEALY, *et al.,*

      Plaintiffs,

v.

ATLANTIC RECORDING CORP., *et al.*,

      Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AND SERVE PLAINTIFFS' FOURTH AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Leave to File and Serve Plaintiffs' Fourth Amended Complaint [ECF No. 129] ("Motion"), filed on July 24, 2020. Plaintiffs seek to amend their Complaint to add a new party, Warner Music Group, Corp., and a count of civil conspiracy to defraud. *See* Mot. at 2. On August 11, 2020, the Court discussed the Motion with the parties during a Case Management Conference ("Conference"). *See* Paperless Minute Entry [ECF No. 141]. Having reviewed the Motion, Defendants' Response [ECF No. 140], and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File and Serve Plaintiffs' Fourth Amended Complaint [ECF No. 129] is **DENIED**.

## LEGAL STANDARD

Under Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 700 (S.D. Fla. 2007) (quoting *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984)). When deciding whether to grant a party leave to amend a pleading, "a district court may consider several factors, such as

'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'"  *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When a party's motion to amend a pleading is filed *after* the time prescribed by the Court's scheduling order, however, the party must demonstrate good cause under Fed. R. Civ. P. 16(b) before the Court will consider whether the amendment is proper under Fed. R. Civ. P. 15(a).  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  "In order to establish 'good cause,' the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so."  *John Morrell & Co.*, 243 F.R.D. at 701.

## ANALYSIS

Here, Plaintiffs have not shown "good cause" under Rule 16(b) to amend their Complaint for a fourth time nearly eight months after the November 27, 2019 deadline set forth in the Court's Amended Scheduling Order [ECF No. 64].  Plaintiffs do not adequately demonstrate that they undertook diligent efforts to meet the Court's deadline or explain why they were unable to previously uncover the information that they now claim warrants amendment.  With respect to adding new parties, Plaintiffs merely state that they "have been forced to conduct research following Defendants[] most recent discovery, which consists of licensing agreements related to Plaintiffs' subject songs dating back to 2012 (instead of the court ordered 2008 timeframe)" and that through this additional research, Plaintiffs identified the new party.  The Court agrees with Defendants that this is insufficient to establish Plaintiffs' diligence.  Plaintiffs also do not cite to

newly discovered facts or any other basis for adding a count of civil conspiracy to defraud at this specific juncture.  Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File and Serve Plaintiffs' Fourth Amended Complaint [ECF No. 129] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of August, 2020.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**