UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-25474-RAR

**SHERMAN NEALY**, *et al.,*

    Plaintiffs,

v.

**ATLANTIC RECORDING CORP.**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on Magistrate Judge Jacqueline Becerra's Report and Recommendation [ECF No. 224] ("Report"), entered on March 8, 2021. The Report recommends that the Court: (1) deny Defendants' Motion to Strike Plaintiffs' Response to Defendants' Statement of Material Facts [ECF No. 193]; (2) grant Defendants' Motion to Strike Affidavits of Stevens, Knox, and Baker [ECF No. 194]; (3) grant in part and deny in part Defendant's Motion for Summary Judgment [ECF No. 166]; and (4) deny Plaintiff's Motion for Partial Summary Judgment [ECF No. 175]. *See* Rep. at 2. Both parties filed objections to the Report [ECF Nos. 248 and 249].

The Court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the Report to which objections are made are accorded *de novo* review so long as those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the Report to which no specific objection is made are reviewed only for

clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.,* 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court having conducted a *de novo* review of the portions of the Report to which the parties' objected,[1] reviewed the remainder of the Report for clear error, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 224] is **AFFIRMED AND ADOPTED** as supplemented herein.

## ANALYSIS

Plaintiffs raise three objections to the Report. First, Plaintiffs contend that Magistrate Judge Becerra erred in finding that Plaintiffs lacked standing to bring a copyright infringement action on behalf of Music Specialist Publishing ("MSP") as to the songs "Jam the Box," "I Know You Love Me," and "Computer Language"[2] (collectively, "MSP-Registered Songs").[3] *See* Pls.' Obj. at 2. Second, Plaintiffs argue that Magistrate Judge Becerra erred in finding that the Supreme Court's holding in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), limits damages to a three-year period prior to the commencement of a copyright suit. *Id.* at 10. And third, Plaintiffs aver that Magistrate Judge Becerra erred in finding that the affidavits of William Stevens, Esq. ("Stevens") and George Knox, Esq. ("Knox") should be stricken. *Id.* at 15.

---

[1] As discussed below, the Court reviews Magistrate Judge Becerra's findings on the motions to strike for clear error even though Plaintiffs have objected to those findings.

[2] For "Computer Language," the copyright registration lists both MSP and Happy Stepchild Music Publ. Corporation as the claimants. *See* Rep. at 18.

[3] Magistrate Judge Becerra's holding also applied to a fourth MSP-registered song, "When I Hear Music," which has since been removed from the case by stipulation of the parties. *See* Pls.' Resp. to Defs. Obj. [ECF No. 255] at 2, n.3. The songs "Fix It In The Mix" and "Freestyle Express" were also removed from the case by stipulation, *see id.* at 2, n.2, so the Court has excluded those songs from its analysis herein.

Defendants also raise three objections to the Report.  First, Defendants argue that they are entitled to summary judgment as to all the songs (not just the MSP-Registered Songs) because Plaintiff has not proven copyright ownership of any of the works at issue.  *See* Defs.' Obj. at 3-8.  Second, Defendants contend that Magistrate Judge Becerra should have recommended dismissal of the entire case on statute of limitations grounds.  *Id.* at 10-19.  And third, Defendants argue that they are entitled to summary judgment because they obtained licenses from Tony Butler, who Plaintiffs have admitted is a co-owner of the copyrights in three of the works at issue: "Computer Language," "I Know You Love Me," and "Jam The Box."  *Id.* at 18-21.

The Court will discuss each of the parties' objections in turn.

### I. *Whether Plaintiffs lack standing to bring suit as to the MSP-Registered Songs*

In the Report, Magistrate Judge Becerra concluded that Plaintiffs Music Specialist, Inc. ("MSI") and Nealy have not established an ownership interest in the copyrights for the MSP-Registered Songs and therefore do not have standing to sue for infringement of those copyrights.  *See* Rep. at 26-27.  She reasoned that Plaintiffs are not listed as claimants in the copyright certificates for the MSP-Registered Songs; Plaintiffs only vaguely pleaded that MSP is affiliated with MSI; and there is no evidence in the record to support the allegation that MSP and MSI are affiliated.  *Id.*  Plaintiffs object to this finding and maintain they have standing to bring a copyright infringement suit for the MSP-Registered Songs.  They argue that "the record is replete with evidence and testimony" showing that MSI has been affiliated with MSP since 1984 and "that MSP was a d/b/a of MSI that administered the publishing rights to, or was the publishing arm of, MSI."  Pls.' Obj. at 10.

Under the Copyright Act, "only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action in a United States court."  *Saregama India Ltd.*

*v. Mosley*, 635 F.3d 1284, 1290-91 (11th Cir. 2011) (citing 17 U.S.C. § 501(b)).[4] As the parties asserting a copyright infringement claim, Plaintiffs bear the burden of proving standing by demonstrating their ownership of the subject copyrights. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017); *Cramer v. Cecil Baker & Partners, Inc.*, No. 19-01503, 2019 WL 2774181, at *2 (E.D. Pa. July 1, 2019) (citing *Clarity Software, LLC v. Fin. Indep. Grp.*, 51 F. Supp. 3d 577, 587 n.12 (W.D. Pa. 2014)). When the nonmoving party bears the burden of proof, "the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against [it]." *Maxi-Taxi Of Fla., Inc. v. Lee Cty. Port Auth.*, 301 F. App'x 881, 885 (11th Cir. 2008).

Here, the Court agrees with Magistrate Judge Becerra that Plaintiffs' evidence is insufficient to establish their ownership of the MSP-Registered Songs. Plaintiffs cite to the deposition testimony of MSI legal consultant Jonathan Black, who testified that during his time doing "some publishing administration work" for MSI, including setting up MSI's music publishing catalog, he was responsible for preparing the copyright registrations and the corresponding songwriter agreements executed by Tony Butler for the MSP-registered songs "I Know You Love Me" and "Jam the Box." *See* Pls.' Obj. at 3-4. For "Jam the Box" and "Computer Language," Plaintiffs also point to the fact that the Publisher Number indicated on the Copyright Office's website registration is "Music Specialists MSI-109," which Plaintiffs claim "is the three-letter symbol used by the Copyright Office to identify MSI and its registrations." *Id.* at 5. Further,

---

[4] A "beneficial owner" typically refers to an author who has parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees. *See Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014).

Plaintiffs rely on the fact that an MSI individual is listed as the agent for correspondence in the "Jam the Box" and "I Know You Love Me" copyright registration certificates. *Id.* at 6.

Additionally, Plaintiffs cite to deposition testimony from Nealy, Black, and recording artist Garfield Baker. *Id.* at 6-7. Baker testified that "maybe Music Specialist Publishing was some kind of d/b/a or whatever of Music Specialist, Inc., but I understood that to be the publishing arm of the Music Specialist Corp." *Id.* Black testified "I'm not certain about this because that wasn't under my direction, I believe that Music Specialist Publishing was a d/b/a of Music Specialist, Inc." *Id.* at 9. Nealy testified that MSP was a separately incorporated legal entity from MSI, but then asserted that MSP was "a d/b/a" for MSI. *See* Dep. of Sherman Nealy [ECF No. 176-15] at 135:1-17, 234:18-25, 235:1-9.

At best, Plaintiffs' evidence suggests an affiliation between MSI and MSP, which is not enough to satisfy the standing requirement for a copyright infringement suit. For example, in *Wallert v. Atlan*, the plaintiff brought a copyright infringement claim for a recording he allegedly composed and produced. 141 F. Supp. 3d 258, 264 (S.D.N.Y. 2015). The copyright registration for the recording listed as a copyright claimant a company named Moonstruck. *Id.* at 276. The plaintiff argued that he had standing because, among other reasons, he was the sole owner of Moonstruck. *Id.* The court disagreed that this was sufficient to confer standing, holding that

> the . . . claim that Wallert, as owner of Moonstruck, is also the owner of Moonstruck's copyright ownership of The Rock composition, is legally wrong. A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities. Therefore, an individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets.

*Id.* at 276-77 (internal quotations and citations omitted).

Similarly, in *Big E. Ent., Inc. v. Zomba Enterprises, Inc.*, the court held that plaintiff Big East Entertainment did not have standing to sue for infringement of copyrights registered in the

name of another company, despite the plaintiff's arguments that the companies had the same owner and had ultimately merged. 453 F. Supp. 2d 788, 796-98 (S.D.N.Y. 2006), aff'd, *Big E. Ent., Inc. v. Zomba Enterprises, Inc.*, 259 F. App'x 413 (2d Cir. 2008). The court reasoned that the copyright registration for the compositions at issue was in the name of B-Boy Records; there was no assignment of copyright from B-Boy Records to plaintiff; and there was no evidence to support plaintiff's merger allegation. *Id.* The court noted that plaintiff's owner's assertions, which were "contradictory and unsupported by documentary evidence," were insufficient to establish standing. *Id.* at 798.

Although a d/b/a relationship may be sufficient for standing in some circumstances, *see, e.g., Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 16-04587, 2017 WL 2729584, at *4 (C.D. Cal. May 1, 2017), Plaintiffs have not presented any documentary evidence of such a relationship. The only record evidence Plaintiffs have cited to support their position that MSP was a d/b/a of MSI is speculative testimony from Garfield and Black, coupled with Nealy's uncorroborated and contradictory testimony. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a *genuine* issue of fact."); *Cantrell v. Delta Airlines, Inc.*, 2 F. Supp. 2d 1460, 1463 (N.D. Ga. 1998) ("Plaintiff's self-contradictory testimony does not create an issue of fact necessary to defeat Defendant's motion for summary judgment.") (citing *Van T. Junkins and Assoc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984)). Indeed, not only is Nealy's deposition testimony internally inconsistent, but his testimony that MSP was a d/b/a for MSI also conflicts with the affidavit he filed in support of his motion to intervene in a separate case. There, Nealy states that "MSI is affiliated with Music Specialist Publishing." Aff. of Sherman Nealy [ECF No. 212-1], *Baker v. Warner/Chappell Music, Inc.*, No. 14-22403 (S.D. Fla. June 8, 2017); *Tang v. Jinro America, Inc.*, No. 03-06477, 2005 WL 2548267, at * 4 (E.D.N.Y. 2005) ("In his

deposition testimony, Plaintiff states both that he signed the agreement, and that he did not sign the agreement. Such inconsistency is not sufficient to create a 'genuinely disputed' issue of fact if only because a statement against [one's] interest trumps one which is self-serving.").[5]

Without establishing that MSP had no legal existence apart from MSI and was no more than an assumed name, Plaintiffs cannot receive the benefit of a presumption of legal ownership based on the copyright registrations for the MSP-Registered Songs. *See Architectural Body Rsch. Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 642 (S.D.N.Y. 2018) ("If the plaintiff is not named on the registration as the owner, it has the additional burden of proving valid chain of title.") (internal quotation omitted). The Court therefore finds that Plaintiffs have not shown ownership of the MSP-Registered Songs, which Plaintiffs must establish both for standing and as an element of their copyright infringement case. *See Urbont v. Sony Music Ent.*, 831 F.3d 80, 88, n.6 (2d Cir. 2016).

## II. Whether Petrella limits damages to the three-year period prior to the lawsuit

Plaintiffs next object to Magistrate Judge Becerra's finding that Plaintiffs are limited to damages incurred during the three years prior to filing their lawsuit. Plaintiffs insist that the language in *Petrella* suggesting a strict three-year damages bar is dicta and that the discovery rule operates as an exception to the general rule barring recovery for infringements prior to the three-year window. *See* Pls.' Obj. at 10-15.

The Court disagrees. Although the Eleventh Circuit has not addressed this specific issue, the Court finds—as the Second Circuit held in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir.

---

[5] Plaintiffs indicate that "Defendants *themselves* asserted, as an undisputed fact, that DMG negotiated the license to use 'Jam the Box' as an interpolation in 'In the Ayer' with an attorney representing Butler, 321 Music and 'Music Specialist,' *a d/b/a* of MSI." *Id.* at 5 (quoting [ECF No. 167] ¶ 38). However, "allegations in a party's statement of material facts are themselves not evidence." *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 812 (11th Cir. 2017).

2020)—that even where the discovery rule dictates the accrual of a copyright infringement claim, a three-year lookback period from the time a suit is filed must be used to determine the extent of the relief available. In *Petrella*, the Supreme Court explicitly delimited damages to the three years prior to the filing of a copyright infringement action. *Petrella*, 572 U.S. at 671-72, 77. As the Second Circuit persuasively reasoned in *Sohm*, the *Petrella* Court's holding that laches was inapplicable to actions under the Copyright Act was partially based "on the conclusion that the statute 'itself takes account of the delay' by limiting damages to the three years prior to when suit is filed." 959 F.3d at 52 (quoting *Petrella*, 572 U.S. at 677). The three-year limitation on damages was thus an integral part of the result in *Petrella* and is binding precedent—not mere dicta as Plaintiffs contend. *Id.* ("We are bound 'not only [by] the result [of a Supreme Court opinion,] but also those portions of the opinion necessary to that result.'") (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996)). Accordingly, Magistrate Judge Becerra correctly concluded that Plaintiffs' potential damages in this case are limited to the three-year period prior to Plaintiffs filing suit.

### III. Whether the Knox and Stevens Affidavits were appropriately stricken

The Court reviews Magistrate Judge Becerra's striking of the Knox and Stevens affidavits for clear error. *See Moore v. M/V Sunny USA*, No. 18-81181, 2019 WL 7207109, at *5 (S.D. Fla. Dec. 27, 2019), aff'd, No. 20-10092, 2021 WL 613696 (11th Cir. Feb. 17, 2021) ("A motion to strike . . . is a nondispositive motion that falls within [Federal Rule of Civil Procedure] 72's clearly erroneous or contrary to law standard.") (quotation omitted).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 284 n.14 (1982) (quoting *United*

*States v. United States Gypsum Co.*, 333 U.S. 365, 395 (1948)); *see also United States v. Brown*, 947 F.3d 655, 673 (11th Cir. 2020) (citation omitted) ("[W]e have explained that a district court's factual finding is clearly erroneous only if it leaves us with 'a definite and firm conviction that a mistake has been committed.'"). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). As courts in this Circuit have expressly noted, "a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery." *Triolo v. United States*, No. 18-91934, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019) (citation and internal quotations omitted); *see also Sartori v. United States Army*, No. 17-679, 2019 WL 1116781, at *1 (N.D. Fla. Mar. 9, 2019) (citation omitted) ("[W]hen reviewing a non-dispositive pretrial discovery order, the court affords 'broad discretion' to the magistrate judge."). Thus, "[i]t is seldom easy to establish clear error." *Brown*, 947 F.3d at 673 (citation and internal quotation omitted); *see also Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet.").

The Court is not persuaded that Magistrate Judge Becerra's striking of the Knox and Stevens affidavits was clearly erroneous. The Court agrees with Magistrate Judge Becerra that Plaintiffs' failure to disclose Stevens and failure to disclose Knox's knowledge of the copyright ownership and transfer agreements are neither substantially justified nor harmless. *See Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 770 (11th Cir. 2008) ("[W]hen a party fails to comply with [Federal Rule of Civil Procedure] 26, the district court does not abuse its discretion by striking an affidavit submitted in opposition to summary judgment, pursuant to Rule 37(c)."); *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917, 919–20 (11th Cir. 2010) (upholding district

court's order striking portions of a witness affidavit because it "included allegations that had not been previously disclosed to Defendants in response to discovery requests.").

### IV. *Whether Plaintiffs failed to establish ownership because they did not produce written transfer agreements*

Defendants contend that Magistrate Judge Becerra erred by not entering summary judgment in their favor as to all the songs at issue because Plaintiffs cannot establish ownership without producing written agreements showing assignment of the musical works from author Tony Butler. *See* Defs.' Obj. at 4. Defendants cite to Section 204(a) of the Copyright Act, which provides that "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."

Because the Court agrees with Magistrate Judge Becerra that Plaintiffs lack standing to sue as to the MSP-Registered Songs—and the songs "When I Hear Music," "Freestyle Express," and "Fix it in the Mix," were removed from the case by stipulation—the only remaining songs are "The Party Has Begun" and "Lookout Weekend." The copyright registrations for "The Party Has Begun" and "Lookout Weekend" indicate that these musical works were transferred from Butler to MSI by assignment. *See* Pls.' Statement of Facts, Ex. J [ECF No. 176-10]. Additionally, Nealy testified that during the relevant time period, there were songwriter agreements with Butler whereby Butler would have given MSI ownership of Butler's songs. *Id.*, Ex. O [ECF No. 176-15] ("Nealy Dep.") at 41. And another songwriter, Baker, recalled having signed songwriter agreements with MSI. *Id.*, Ex. D [ECF No. 176-4] at 4-5.

The Court agrees with Magistrate Judge Becerra that although Plaintiffs' evidence of ownership as to these remaining songs is thin, it is sufficient to withstand a motion for summary judgment. Further, considering there is evidence in the record that a writing was used to effectuate

the transfer from Butler to MSI, Plaintiffs' failure to produce the written agreement is not fatal at this stage. *See Stillwater Ltd. v. Basilotta*, No. 16-01895, 2019 WL 1960277, at *7 (C.D. Cal. Mar. 6, 2019) ("Unlike in cases where the dispute centered around the failure to transfer copyrights via a writing pursuant to § 204(a), here, there is evidence that a writing was used to effectuate the transfer of the copyrights . . . , but that writing has been lost.  Under the circumstances, the court finds that [Plaintiff] has shown title of ownership for purposes of standing."); *Caravan, Ltd. v. Karin Stevens, Inc.*, No. 00-07664, 2001 WL 1426698, at *1 (S.D.N.Y. Nov. 14, 2001) ("The purpose of section 204(a) . . . is to protect copyright owners from persons mistakenly or fraudulently claiming that a copyright was transferred orally, not to enable third parties to infringe on transferred copyrights whenever there is no formal writing effecting the transfer.").

### V.  *Whether Plaintiffs' claims are barred by the statute of limitations*

In the Report, Magistrate Judge Becerra concluded that the undisputed facts do not support a finding that Plaintiffs' claims are barred by the three-year statute of limitations.  Defendants contend that in reaching this conclusion, Magistrate Judge Becerra incorrectly applied the "express repudiation" standard that the Eleventh Circuit rejected in *Webster v. Dean Guitars*, 955 F.3d 1270 (11th Cir. 2020), by which a claim accrues when there is an express repudiation of ownership by one party against the other.  Defs.' Obj. at 9-10.  Defendants argue that under the correct standard set by *Webster*—that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights," 955 F.3d at 1276—Plaintiffs' claims are time-barred.

Defendants insist that the following undisputed facts establish that Plaintiff had both actual and constructive knowledge of their claims.  First, Defendants cite a June 9, 2008 meeting between Nealy and third-party Robert Crane where Nealy objected to Crane's distribution of the

compositions at issue in this case ("Crane Meeting"). Defs.' Obj. at 12. Defendants argue that at the Crane Meeting, Nealy learned that Butler had licensed the works to Crane's companies, and that Plaintiffs' actual notice of Butler's adverse ownership claim establishes that Plaintiffs' claims in this case are time-barred. *Id.* Second, Defendants argue that Plaintiffs had constructive notice of their claims based on the widespread distribution of several of the works at issue in this case. *Id.* at 14-15. Third, Defendants argue that the fact that Plaintiffs were not consistently receiving royalties for the songs at issue in this case should have caused Plaintiffs to investigate violations of their ownership rights. *Id.* at 16-17. Fourth, Defendants argue that Plaintiffs should have known about adverse ownership claims based on Broadcast Music, Inc.'s ("BMI") public records—which showed Warner Chappell was claiming to administer the songs—and a September 2015 BMI royalty statement that Nealy received for the song "Fix It In The Mix," which identified Warner Chappell as administrator. *Id.* at 16-18.

As an initial matter, the Court disagrees with Defendants that Magistrate Judge Becerra applied the "express repudiation" standard rejected in *Webster*. Magistrate Judge Becerra analyzed when Plaintiffs knew or should have known that Defendants were challenging their ownership of the musical works at issue. She considered the Crane Meeting and found that *Crane's* challenge to Plaintiffs' ownership did not necessarily put Plaintiffs on notice that *the Defendants in this case* were challenging their ownership rights. *See* Rep. at 38. She also analyzed Defendants arguments regarding widespread dissemination, royalties, and the BMI statement and determined that "reasonable minds could differ on the inferences arising from [the] undisputed facts, namely whether Nealy had reason to know that Defendants were infringing." *Id.* at 38-41. In reaching this conclusion, Magistrate Judge Becerra took into account that Plaintiff was incarcerated from March 1989 to March 2008 and then again from February 2012 to September 2015. She reasoned

that the "should have learned" analysis involves considering "a reasonably prudent person in Plaintiff's position." *Id.* at 40 (citing *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1355 (S.D. Fla. 2014)); *see also On Top Recs. Corp. v. Sunflower Ent. Co.*, No. 15-22664, 2015 WL 13264196, at *3 (S.D. Fla. Oct. 28, 2015) ("In infringement cases, 'should have learned' means whether a reasonably prudent person *in Plaintiff's position* would have been aware of the alleged infringement.") (emphasis added and internal quotations omitted). The Court agrees with Magistrate Judge Becerra's analysis and therefore overrules Defendants' objection that they are entitled to summary judgment on statute of limitations grounds.

### VI. Whether Defendants are entitled to summary judgment because they obtained licenses from Butler

Defendants' final objection is that they are immune from suit by Plaintiffs as to the songs "Computer Language," "I Know You Love Me," and "Jam the Box" because Plaintiffs admitted that Butler is a co-owner of these works and Defendants obtained licenses from Butler. *See* Defs.' Obj. at 19. As discussed above, the Court finds that Plaintiffs lack standing to bring suit with respect to these MSP-Registered Songs. It is therefore unnecessary for the Court to reach this final argument advanced by Defendants.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 224] is **AFFIRMED AND ADOPTED** as supplemented herein.

2. Defendants' Motion to Strike Plaintiffs' Response to Defendants' Statement of Material Facts [ECF No. 193] is **DENIED**.

3. Defendants' Motion to Strike Affidavits of Stevens, Knox, and Baker [ECF No. 194] is **GRANTED**.

    4. Defendant's Motion for Summary Judgment [ECF No. 166] is **GRANTED IN PART AND DENIED IN PART** as summarized below.

        a. Because Plaintiffs have not established ownership of the MSP-Registered Song "Jam The Box"—the only copyrighted work that Plaintiffs allege Atlantic Recording Corporation exploited—Defendant Atlantic Recording Corporation is entitled to final summary judgment as to all claims against Defendant Atlantic Recording Corporation in this matter. The Court shall enter a judgment as to Atlantic Recording Corporation by separate order.

        b. Defendants Warner Chappell Music, Inc. and Artist Publishing Group, LLC, are entitled to summary judgment as to all claims with respect to each of the following musical compositions and/or sound recordings: "Jam The Box," "I Know You Love Me," and "Computer Language."

        c. As to the remaining compositions, "Lookout Weekend," and "Party Has Begun," Plaintiffs' damages are limited to the time period commencing on December 28, 2015.

5. Plaintiff's Motion for Partial Summary Judgment [ECF No. 175] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 4th day of June, 2021.

                                                **RODOLFO A. RUIZ II**
                                                **UNITED STATES DISTRICT JUDGE**