UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-25474-RAR

**SHERMAN NEALY**, *et al.*,

    Plaintiffs,

v.

**ATLANTIC RECORDING CORP.**, *et al.*,

    Defendants.
_____/

**CERTIFICATION ORDER PURSUANT TO
28 U.S.C. § 1292(b) AND FED. R. CIV. P. 54(b)**

**THIS CAUSE** comes before the Court upon the parties' *ore tenus* Motion for Certification of Appeal ("Motion") made at the Status Conference on June 8, 2021. Having considered the Motion and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

**Certification Pursuant to 28 U.S.C. § 1292(b)**

Pursuant to 28 U.S.C. section 1292(b), an interlocutory appeal may be certified when three elements are present: (1) where the case presents a controlling question of law; (2) where there is a substantial ground for difference of opinion; and (3) where the appeal will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). A "controlling question of law" arises where the appellate court can rule on a question of law without having to search deep into the record to discern the facts of the underlying case. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003).

The Court hereby certifies for immediate appeal its summary judgment determination that, even where the discovery rule dictates the accrual of a copyright claim, damages in this copyright

action are limited to the three-year lookback period as calculated from the date of the filing of the Complaint pursuant to the Copyright Act and *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014).

The extent of recoverable damages is a controlling issue of law in this case and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Plaintiffs have indicated that because the vast bulk of damages being sought fall outside of the three-year lookback period, limiting Plaintiffs' recovery to the three years prior to Plaintiffs filing suit will render this matter no longer practical to pursue. The parties agree that the limitation of damages is a controlling issue of law, and the Court concurs. *See, e.g.*, *Profit Point Tax Techns., Inc. v. DPAD Grp., LLP*, No. 19-cv-698, 2021 WL 1967961, at *3 (W.D. Pa. May 17, 2021) ("A controlling issue of law is one that will end the litigation," *citing Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), and "may also be found where the issue is serious to the conduct of the litigation, either practically or legally," *citing Katz v. Carte Balance Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."). An issue of law has also been termed controlling where, as is the case here, "the certified issue has precedential value for a large number of cases." *Klinghoffer*, 921 F.2d at 24.

Further, a split of authority has developed among district courts on the applicable damages period, and consequently, there exists substantial grounds for a difference of opinion as contemplated by section 1292(b). The Court agrees with Defendants that the Supreme Court's decision in *Petrella* is binding on this action and that, pursuant to the holding in *Petrella,* the three-year lookback for damages calculations must be applied despite operation of the discovery rule for

accrual purposes. The Second Circuit adopted this position in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020)—the only Circuit Court, post-*Petrella*, to address the issue. Plaintiffs, in contrast, urge the Court to adopt the Ninth Circuit's *pre-Petrella* holding in *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), which Plaintiffs contend was not affected by *Petrella*. *See Starz Entm't, LLC v. MGM Domestic Television Distrib., LLC*, No. 20-04085, 2021 WL 566500 (C.D. Cal. Jan. 5, 2021). Both the Ninth Circuit in *Polar Bear* pre-*Petrella* and the district court in *Starz Entertainment* post-*Petrella* rejected the three-year damages limitation in cases where the discovery rule was applicable. While the Court disagrees with Plaintiffs, it finds there to be sufficient difference in the case law to warrant review pursuant to section 1292(b).

All the elements having been met, the issue of the three-year lookback period for Plaintiffs' recoverable damages in this copyright action is ripe and appropriate for appellate review.

### **Certification Pursuant to Fed. R. Civ. P. 54(b)**

Additionally, pursuant to Fed R. Civ. P. 54(b), the Court hereby certifies the Final Judgment in favor of Atlantic Recording Corporation ("Atlantic") [ECF No. 257] as a final judgment and determines that there is no just reason to delay the appeal thereof. In determining whether an order is certifiable under Rule 54(b), the district court must engage in a two-step analysis. *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1127 (11th Cir. 2018). First, the district court "must decide whether the order is both 'final' and a 'judgment.'" *Id.* Second, the district court must find "that there is no just reason for delay in permitting the parties to appeal its decision immediately." *Id.* (quotation omitted).

The summary judgment ruling in favor of Atlantic determined that Plaintiffs could not support their claim of ownership over the musical works registered in the name of Music Specialist

Publishing, including the only musical work Atlantic is alleged to have infringed, "Jam The Box." By dismissing claims relating to "Jam The Box," the judgment completely disposes of all claims against Atlantic and thus constitutes a Final Judgment as to Atlantic.

Rule 54(b) requires a determination that there is "no just reason for delay," taking into account "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). A court should consider: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *overruled in part by Curtiss–Wright*, 446 U.S. 1.

Here, there is no just reason for delay based on the criteria set forth above. The unadjudicated claims all relate to musical compositions other than "Jam The Box," so future developments in this Court will not moot the need for review. There is no possibility that the issue of Plaintiffs' ownership over the composition "Jam The Box" would be the subject of recurrent appellate review. There is no counterclaim which will result in a set-off, and the interests of judicial economy support certification for immediate appeal, particularly in light of the Court's concurrent certification pursuant to section 1292(b) of a controlling question of law regarding the scope of relief available herein and the stay of this matter pending the disposition of appellate review.

Accordingly, certification of the Final Judgment in favor of Atlantic as a final judgment is just and appropriate.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 21st day of June, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**