UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 18-25474-CIV-RUIZ

MUSIC SPECIALIST, INC., a Florida Corporation,
and SHERMAN NEALY, an individual,

    Plaintiffs,

v.

WARNER CHAPPELL MUSIC, INC., et al.,

    Defendants.
_____/

## DEFENDANT ARTIST PUBLISHING GROUP, LLC'S
## MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF JOHN MENNECI

Defendant Artist Publishing Group, LLC ("APG"), by and through undersigned counsel, files this Motion to Exclude the Report and Testimony of John Menneci ("Menneci") for the following reasons:

### I.    Plaintiffs Have Never Provided Any Damages Calculations as to Defendant APG

Despite the requirements of Rule 26(a)(1)(A)(iii), Plaintiffs never provided any computation of damages as to any of the Defendants, indicating instead that an expert would be providing those calculations:

> MSI intends to rely on the opinions of a qualified damages expert and will disclose a computation of damages at the time of expert disclosures. MSI reserves the right to supplement its disclosure as its investigation continues.

Plaintiffs' Initial Disclosures and Amended Initial Disclosures, DE 97. But when Plaintiffs' damages expert rendered his reports in this case on September 11, 2020, he only rendered two reports: one specifically addressed to Atlantic Recording Corporation ("Atlantic"), which was subsequently dismissed from the case, and one specifically addressed to Warner Chappell Music, Inc. ("Warner Chappell," and together with APG, "Defendants"). Plaintiffs nevertheless attempted to remedy their

1

lack of any damages disclosures as to APG with an e-mail from counsel dated September 11, 2020 indicating that the report entitled "Warner Chappell Report" "applies to APG as well."

Warner Chappell has, simultaneously herewith, filed a *Daubert* Motion to exclude Menneci's report (the "Menneci Report") and the opinions contained therein for numerous reasons. A copy of the Menneci Report is attached as Exhibit A to Warner Chappell's *Daubert* Motion. The "General Purpose" section of the Menneci Report only references Warner Chappell, and states that Menneci was retained "to examine certain books and records provided by [Warner Chappell]… and prepare a report quantifying amounts (if any) of the Gross Income earned by [Warner Chappell]…". Report, p. 1. There is no mention of APG. The "Specific Objective" section similarly focuses on Warner Chappell's exploitation of musical works at issue and its collection of music publishing income, stating again that "[o]ur objective was to make an assessment of the gross income received by [Warner Chappell]…". Report, p. 2.

The Menneci Report contains two opinions: (1) Menneci's Opinion #1, which calculates gross income collected by Warner Chappell, Menneci Report, p. 3; and (2) Menneci's Opinion # 2, which calculates gross income collected by non-party Interscope Records ("Interscope"). Menneci Report, p. 4. Neither opinion mentions APG, and no damages calculations specific to APG have ever been provided by Plaintiffs.

To survive APG's motion, Plaintiffs should be directed to disclose to this Court which part of the Menneci Report discusses APG or provides any calculation whatsoever relating to damages caused by APG, as required by F.R.C.P. 26.

In the event the Court determines that the Menneci Report addressed to Warner Chappell somehow constitutes a valid expert disclosure to APG pursuant to F.R.C.P. 26, APG joins in Warner Chappell's *Daubert* motion to exclude the Menneci Report and addresses the substantive issues with Menneci's opinions.

**II.     Background**

As set forth in Warner Chappell's *Daubert* Motion filed simultaneously herewith, in 2008, APG entered into a publishing agreement with the author of the musical compositions at issue in this case, Tony Butler ("Butler"), through his wholly-owned company, 321 Music, LLC (the "APG/321 Music Agreement").  Pursuant to that agreement, APG agreed, *inter alia*, to license certain musical compositions authored by Butler to third parties in exchange for a percentage of the royalties earned from those efforts.  As part of a separate administration agreement between APG and Warner Chappell (the "APG/Warner Chappell Administration Agreement"), Warner Chappell administered certain of APG's duties in the APG/321 Music Agreement, including licensing the musical compositions to third parties in exchange for licensing fees and royalties.  Warner Chappell collected all royalties on behalf of various royalty recipients and paid them out to others, retaining only a 10% administration fee.  No monies earned from the licensing of the musical compositions at issue in this case were ever received by APG, other than the royalties it was entitled to receive as publisher pursuant to the APG/321 Music Agreement.  Those monies have been accounted to Plaintiffs in discovery in this case, and total $20,946.83 for the three musical compositions remaining in the case (the "Compositions at Issue").[1]

APG's earnings nowhere appear in the Menneci Report and Menneci admitted at his deposition that his calculations were limited to the gross amounts received by Warner Chappell.  Menneci testified that "how [royalties] got split after that" (*i.e.*, whether paid to APG, Butler or anyone else), was irrelevant for his purposes.  Menneci Depo, p. 57, Exh. B to Warner Chappell's *Daubert* Motion, filed simultaneously herewith.

**III.    Even If Found Applicable to APG, the Menneci Report Should Be Excluded as It Includes Amounts Earned by Non-Parties, Earnings from Compositions Not at Issue, Improperly Includes Foreign Income, and Is Based on Unreliable Data**

---

[1] While the Plaintiffs' claims originally involved eight compositions, as a result of summary judgment rulings and stipulations herein there are three remaining Compositions at Issue: "The Party Has Begun," "Lookout Weekend" and "Weekends," a "derivative" of "Lookout Weekend."

To the extent Plaintiffs intend to use the Menneci Report to make APG responsible for Warner Chappell's earnings or numerous other non-parties' income, including songwriters' earnings, other publishers' earnings, Interscope's earnings, or any earnings other than its own, the Menneci Report is contrary to applicable law. Specifically, there is no joint and several liability for disgorgement of profits under the U.S. Copyright Act. *See, e.g.*, *Charter School Cap., Inc. v. Charter Asset Mgmt. Fund, L.P.*, 768 Fed. Appx. 776, 779 (9th Cir. 2019) (copyright defendant only liable for its own profit; "[O]ne defendant is not liable for the profit made by another."); *TMTV, Corp. v. Mass Prods., Inc.*, 645 F.3d 464, 474 (1st Cir. 2011) ("liability for *profits* is several only") (emphasis in original). *See also* Warner Chappell's *Daubert* Motion, filed simultaneously herewith, at pp. 5-8.

Second, to the extent the Menneci Report includes foreign income, there is no extraterritorial reach of the U.S. Copyright Act and such sums, therefore, should be excluded as a matter of law. *See, e.g.*, *Palmer v. Braun*, 376 F.3d 1254, 1258 (11th Cir. 2004) (federal copyright law has no extraterritorial effect, *citing Subafilms, Ltd. v. MGM-Pathe Commc'n Co.*, 24 F.3d 1088 (9th Cir. 1994). *See also* Warner Chappell's *Daubert* Motion, filed simultaneously herewith, at pp. 14-15.

Third, to the extent the Menneci Report includes earnings for the musical composition "Another Weekend," that composition and any income should be excluded. "Another Weekend" was not identified in the list of "Subject Musical Works" as defined by Plaintiffs in any of their pleadings, nor has it ever been the subject of discovery by either side. Its inclusion in the Menneci Report, therefore, came as a surprise to Defendants. As such, it is an unpled claim and should be excluded by the Court. *See also* Warner Chappell's *Daubert* Motion, filed simultaneously herewith, and referenced exhibits thereto.

Finally, as set forth more fully in Warner Chappell's *Daubert* Motion, Menneci relied on faulty, irrelevant data in formulating Opinion No. 2 as to Interscope's purported income. *See, e.g.*, *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005) (exclusion under *Daubert*

appropriate where expert "does not support his opinions with sufficient data or reliable principles"); *City of S. Miami v. Desantis*, No. 19-22927, 2020 WL 7074644 at *10 (S.D. Fla. Dec. 3, 2020) ("*Daubert*'s reliability inquiry concerns whether the testimony is 'based on sufficient facts or data' and 'is the product of reliable principles and methods,' which the witness applied 'reliably...to the facts of the case.'"). *See also* Warner Chappell's *Daubert* Motion, filed simultaneously herewith, at pp. 18-20.

### IV. Conclusion

Based on the foregoing discussion and recitation of authorities, and including the more comprehensive discussion contained in Warner Chappell's *Daubert* Motion, APG respectfully requests the Court grant its motion to exclude the report and testimony of John Menneci.

### CERTIFICATE OF COUNSEL

I hereby certify that I have conferred with opposing counsel pursuant to Local Rule 7.1 in a good faith effort to resolve the issues herein but have been unable to do so.

Respectfully submitted,

GRAY ROBINSON, P.A.
*Attorneys for Artist Publishing Group, LLC*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Phone: (305) 416-6880
Fax: (305) 416-6887
karen.stetson@gray-robinson.com

By: /s/ Karen L. Stetson
   Karen L. Stetson
   Florida Bar No.: 742937
   Jonathan L. Gaines
   Florida Bar No.: 330361

### CERTIFICATE OF SERVICE

#51234795 v1

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished via CM/ECF to all participating recipients, on this 14th day of August, 2023.

By: /s/ Karen L. Stetson